UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Lonnial L. Roundtree,

    *Plaintiff*,

v.

Melissa Mitchell,

    *Defendant*.

No. 23 CV 2945

Judge Lindsay C. Jenkins

MEMORANDUM OPINION AND ORDER

    Lonnial L. Roundtree filed this suit under 42 U.S.C. § 1983 against Melissa Mitchell, alleging retaliation in violation of the First Amendment. After fact discovery concluded, Mitchell filed a motion for summary judgment. Because Roundtree failed to exhaust his administrative remedies, and because the claim alternatively fails on the merits, the motion is granted.

### I.    Northern District of Illinois Local Rule 56.1

    "On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). The statements serve a valuable purpose: they help the court in "organizing the evidence and identifying disputed facts." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). "To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3).

    Any party, including a *pro se* litigant, who fails to comply with Local Rule 56.1 does so at their own peril. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district courts are entitled to "strictly enforce" their local rules, even against a pro se litigant); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even *pro se* litigants must follow procedural rules").

    Here, Mitchell filed a Rule 56.1 statement, and as required by Rule 56.2, Roundtree was served with a "Notice to Unrepresented Litigant Opposing Summary Judgment." [Dkt. 57-3.] This latter filing explains what a motion for summary judgment is and what steps Roundtree needed to take to respond to the motion. Roundtree has not filed a response brief or a statement of facts, and his deadline to respond has come and gone many times over. The court set the original response deadline for April 2025 and extended that deadline several more times, including at

Roundtree's request. [Dkts. 55, 60, 62, 64 and 65.] Most recently, the court provided Roundtree until August 8, 2025 to file his response brief, but as of this Order no filing has been docketed. The court declines to provide another extension. "In managing their caseloads, district courts are entitled to—indeed they must—enforce deadlines." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (cleaned up). It will therefore proceed without the benefit of Roundtree's arguments. Because the motion for summary judgment is unopposed, the factual assertions in the supporting Local Rule 56.1(a)(2) statement are deemed admitted for purposes of summary judgment to the extent that they are supported by the record. *See* LR 56.1(e)(3).[1]

## II. Background

In November 2022, Roundtree was fired from his job at Cook County Jail as a barber in Division 9. [Dkt. 1 at 8.][2] Displeased, he submitted a grievance in February 2023 complaining of this removal. [Dkt. 58-7 (barbershop grievance)] The grievance alleged that Roundtree was terminated because he had several pending civil lawsuits against "a host" of Cook County Jail employees.

The barbershop grievance was received and processed by Mitchell, a Correctional Rehabilitation Worker. [*Id*. at 2; Dkt. 58, ¶ 28.] Mitchell coded it as a "330 - security procedures" grievance and referred it to Division 9's supervisory security staff, Superintendent Lt. Latham. [Dkt. 58-7 at 3.] Lt. Latham investigated and in August 2023, responded by writing on the grievance form that there was insufficient information to substantiate Roundtree's claims. Latham also wrote that Roundtree had an "alert" that he was "unauthorized to be a worker per the Executive Office, policy and procedures." [*Id*.; Dkt. 58, ¶¶ 31-32.] Roundtree received the response, signed it, and appealed, but the appeal was ultimately denied by director John Mueller. [*Id*. at ¶¶ 32-33.]

In his complaint, Roundtree alleges that Mitchell intentionally mishandled the barbershop grievance, marking it as "classification" knowing that this designation ensured that Roundtree would not get a response. [Dkt. 1 at 9–10.] More specifically, he maintains that Mitchell's conduct was in retaliation for a prior "write up" Roundtree submitted about Mitchell in June 2022, before his termination from the barbershop. In his complaint and again at his deposition, Roundtree testified that

---

[1] While the facts presented in the Rule 56.1 Statement are undisputed, this does not absolve the court of its responsibility to determine whether Defendants have "'show[n] that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011) (noting that summary judgment may not be granted against the nonmovant when she fails to file a response "as some kind of sanction").

[2] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

Mitchell engaged in conduct that violated jail rules. [Dkt. 1 at 10.] Among other things, she taped a folder to the wall outside the jail tier and expected detainees to put their grievances and request slips in the folder. [Dkt. 58-3 at 25.] According to Roundtree, this was wrong because Mitchell's job responsibilities called for her to collect grievances once a day, and she used the folder method to avoid stepping onto the tier. [*Id.*] He also alleges that Mitchell was not sending out mail as certified mail even though she was required to do so. [Dkt. 1 at 10.]

It is undisputed that Roundtree did not submit a formal grievance to CCDOC about Mitchell's conduct. Instead, Roundtree wrote a letter in June 2022 addressed to Mitchell herself. [*Id.* at 26.] One day in June, Roundtree tried to hand the letter to Mitchell, who refused to take it. [*Id.* at 24-26.] A few days later, Roundtree spoke with Lieutenant Sanchez, relaying his complaints about Mitchell during their conversation. Roundtree asked Lt. Sanchez to give his letter to Mitchell and in response, Sanchez read the letter and asked whether she could keep it to make a copy. [*Id.*] Roundtree agreed. Later that same day, Mitchell handed the letter back to Roundtree with "an attitude." [*Id.*] In his complaint, Roundtree alleges that Lieutenant Sanchez began making Mitchell "come to the tier in June or July 2022 to service all the detainees." [Dkt. 1 at 10.]

### III. Legal Standard

Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Wade v. Ramos*, 26 F.4th 440, 446 (7th Cir. 2022) (quoting *Schacht v. Wis. Dept' of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). A party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 646 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### IV. Analysis

#### A. Exhaustion

Mitchell argues that she is entitled to summary judgment because Roundtree failed to exhaust his administrative remedies. In connection with her motion, Mitchell submitted grievance records regarding grievances Roundtree filed with jail officials between January 2019 and October 2023. [Dkt. 58-2 (documenting 95 grievances).] The records submitted reveal that between February and March 2023, Roundtree submitted nine grievances. [*Id.*, at 10-11.] Mitchell argues that although Roundtree had access to the CCDOC grievance procedure during the relevant period, he never filed a grievance exhausting his claim that Mitchell retaliated against him

3

by mishandling the barbershop grievance. [Dkt. 57-1 at 7.]

Under the PLRA, prisoners must "exhaust administrative remedies before filing a federal claim about prison conditions." *Crouch v. Brown*, 27 F.4th 1314, 1320 (7th Cir. 2022). Exhaustion, applied in the summary judgment, requires a defendant official to "demonstrate that the plaintiff [] failed to exhaust the applicable grievance procedures and that those procedures were available to him as a matter of law." *Jones v. Lamb*, 124 F.4th 463, 467 (7th Cir. 2024). The defendant bears the burden of proving the affirmative defense of a failure to exhaust, *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022), which is true even though Roundtree failed to respond to the summary judgment motion. *Thomas v. Kolhouse*, 2025 WL 1483373, at *2 (7th Cir. May 3, 2025).

To satisfy the PLRA's exhaustion requirement, Roundtree must have filed a grievance that raised the same claim as that which is raised in his lawsuit to ensure that "a prison has received notice of, and an opportunity to correct, a problem before being drawn into litigation." *Jackson v. Esser*, 105 F.4th 948, 958–59 (7th Cir. 2024) (internal quotation omitted). To provide adequate notice, a grievance must describe "the nature of the wrong for which redress is sought." *Id.* at 959 (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)).

Here, Roundtree filed at least nine grievances during the first part of 2023, so there is no reason to conclude that the grievance system was unavailable to him. [Dkt. 58-2 at 10-11.] His failure to respond to summary judgment means that he has not come forward with evidence rebutting Mitchell's showing that no grievance was ever filed that fairly put CCDOC on notice that Mitchell mishandled the barbershop grievance in retaliation for Roundtree's complaints in June 2022. Because Roundtree did not provide notice of this issue as required by the PLRA, he failed to exhaust his administrative remedies. See *Jackson*, 105 F.4th at 959.

**B.     Merits**

In the interests of completeness, the court also addresses the merits of Roundtree's retaliation claim.

Prison officials may not retaliate against inmates or detainees for exercising their First Amendment rights. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). To prevail on a First Amendment retaliation claim, a plaintiff must show (1) he engaged in a protected First Amendment activity; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) causation—specifically, the First Amendment activity was at least a motivating factor in the decision to take the retaliatory action. *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 584 (7th Cir. 2021). These basic elements apply whether the plaintiff is a prisoner, a public employee, or any other person alleging that a government official targeted

4

protected activity. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020).

Mitchell moves for summary judgment arguing that there is insufficient evidence from which a factfinder could conclude there was retaliation. [Dkt. 57-1 at 7-14.] Assuming that Roundtree's complaints about Mitchell to Lt. Sanchez amounted to protected First Amendment activity, the court analyzes the second and third elements of his claim.

The second element, requiring a deprivation that would likely deter future First Amendment activity, is an objective test. *Douglas*, 964 F.3d at 646. The court must ask "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Id.* "Whether retaliatory conduct is sufficiently severe to deter is generally a question of fact, but when the asserted injury is truly minimal, we can resolve the issue as a matter of law." *Id.* at 647.

In his complaint, Roundtree alleges that the adverse action Mitchell took in retaliation for his voicing complaints about her was forwarding the barbershop grievance "to classification because she knows that classification is non-compliant at CCJ per policy and [he] would not get a response." [Dkt. 1 at 10.] As Mitchell argues, the undisputed evidence shows that Mitchell did not do that—she processed the grievance the day after it was filed by coding it "330 – security procedures" and forwarded it to Division 9 supervisory security staff for investigation and response. [Dkt. 57-1 at 10; Dkt. 58-7 at 3.] It is undisputed that Lt. Latham received and investigated the grievance. In August 2023, Latham returned the grievance form to Roundtree explaining that his complaint about his firing could not be substantiated because there was an "alert" that Roundtree was "unauthorized to be a worker per the Executive Office, policy and procedures." [Dkt. 58-7 at 3; Dkt. 58, ¶¶ 31-32.] It is also undisputed that Roundtree received Latham's response: he initiated an appeal by signing and dating the form on August 15, 2023. [*Id.*]

Mitchell's conduct was hardly adverse, and no reasonable jury could conclude otherwise. There is no evidence supporting the allegation that the barbershop grievance was tagged by Mitchell in a way that ensured Roundtree would not get a response. He did get a response. Nor has there been a showing that the way the grievance was actually handled amounted "to a deprivation with some significant deterrent effect" on a prisoner of ordinary firmness. *See Douglas*, 964 F.3d at 647–48.

As to the third element, causation may be proven through direct or circumstantial evidence. *FKFJ, Inc.*, 11 F.4th at 586. A plaintiff "need not show but-for causation, but only that the protected activity is *a* motivating factor in the defendants' conduct. However, the protected activity and adverse action cannot be completely unrelated. *Id.*

5

Here, there is no direct evidence of causation, and through circumstantial evidence, a plaintiff may present evidence of "suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other [persons] in the protected group." *Id.* Roundtree points to no such evidence. Indeed, as Mitchell notes, nine months had elapsed between Roundtree's complaints about Mitchell in June 2022 to Lt. Sanchez and the alleged mishandling of the barbershop grievance in February 2023, a far greater period than what can ordinarily save a retaliation claim from summary judgment. *Id.* (observing that the adverse action should follow "close on the heels of protected expression", usually no more than a few days.)

Because Roundtree fails to present sufficient evidence of retaliation, summary judgment on his First Amendment claim is proper.

### V. Conclusion

Final judgment will be entered. If Roundtree wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Roundtree appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non–meritorious, Roundtree could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre–paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Roundtree seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Enter: 23 CV 2945
Date: August 26, 2025

_____
Lindsay C. Jenkins
United States District Court Judge

6